USAIR, INC., Appellant,

v.

INDIANA DEPARTMENT OF STATE
REVENUE, Appellee.

No. 49S00–8911–TA–870.

Supreme Court of Indiana.

Nov. 20, 1991.

Rehearing Denied March 10, 1992.

Barton T. Sprunger, Mark J. Richards, Ice Miller Donadio & Ryan, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joel Schiff, Kim Ohmart Laurin, Indianapolis, for appellee.

DeBRULER, Justice.

On December 29, 1987, appellant, USAir, Inc., timely filed a claim for refund with the Indiana Department of Revenue seeking reimbursement of $233,199. In a letter dated June 16, 1988, the Indiana Department of Revenue, hereinafter referred to as the Department, informed appellant of its final determination that the claim for refund with respect to food and beverages, constituting the bulk of appellant's refund claim, was denied. Afterward, on September 6, 1988, USAir filed its original tax appeal seeking judgment against the Department for $189,098 which constituted the amount of tax and interest paid by appellant for food purchased from Dobbs House Inc., and Michael Lewis, Co. The Tax Court rendered its final decision for the Department ordering that appellant take nothing by its appeal. *USAir, Inc. v. Indiana Dep. of State Revenue* (1989), Ind. Tax, 542 N.E.2d 1033.

Appellant USAir now brings this further appeal in this Court, seeking review of the decision of the Tax Court pursuant to I.C. 33–3–5–15. Ind. Appellate Rule 18, promulgated since the commencement of this further appeal with an effective date of January 1, 1992, will govern cases of this class. In this further appeal, USAir asserts that the Tax Court was in error in denying its original tax appeal, and in rejecting its claims that (1) the food purchased in this instance was acquired for direct use or consumption in providing public transportation and thus is exempt from

the state gross retail tax pursuant to I.C. 6–2.5–5–27, and that (2) the food items purchased in this instance were exempt from the state gross retail tax as "food for human consumption." Ind.Code 6–2.5–5–20.

■ Appellant's burden in this Court is an onerous one as a determination by the Tax Court is here entitled to a presumption of validity. Ind. Tax Court Rule 10. Its findings and judgment resolving an original tax appeal will be affirmed unless clearly erroneous. A finding is clearly erroneous if, considering the record as a whole, the reviewing court is left with the definite and firm conviction that a mistake was made, even though there is some evidence to support the finding below. *Associated Milk Prod. v. Indiana Dep. of State Revenue* (1989), Ind., 534 N.E.2d 715.

The facts in this instance are as follows. During the years in issue, 1979 to 1982, appellant USAir was engaged in providing public transportation for persons or property on a for-profit basis. Appellant provided meals for passengers and crew members on flights designated as meal flights. Appellant purchased the food for the meals from two caterers located in Indiana: Dobbs House Inc., and Michael Lewis, Co. Approximately ten percent (by cost) of the food items purchased from Dobbs were heated meals which were loaded directly into the cabins of the airplanes in Indianapolis upon their delivery. Dobbs delivered these food items to appellant in individual serving trays owned by appellant. The remainder of the food items purchased from Dobbs, which consisted largely of snacks, were packaged in dry ice and loaded directly into the holds of airplanes in Indianapolis in the same form as purchased and then shipped to cities outside of Indiana. Appellant's food purchases from Michael Lewis consisted primarily of coffee, apple juice, and cheese and crackers.

We first examine the issue of whether a refund of all state gross retail tax paid with respect to the food items purchased from Dobbs and Michael Lewis was required. Appellant claims that the food items in question are exempt from the state gross retail tax pursuant to I.C. 6–

2.5–5–27 as they are directly used or consumed in providing public transportation. I.C. 6–2.5–5–27 states:

> Transactions involving tangible personal property and services are exempt from the state gross retail tax, if the person acquiring the property or service directly uses or consumes it in providing public transportation for persons or property.

The Tax Court noted that "direct use" is determined by whether the item is a "necessary and integral" part of the transportation service. *USAir, Inc.*, 542 N.E.2d at 1037. In the case of *Indiana Department of State Revenue v. Indianapolis Transit System, Inc.* (1976), 171 Ind.App. 299, 356 N.E.2d 1204, certain purchases by the Indianapolis Transit System (ITS) were found to be exempt from the state gross retail tax. The Court of Appeals stated that ITS could not continue operating without the purchases for which it sought exemption. These ITS purchases were in furtherance of ITS's compliance with regulatory requirements promulgated by the legislature and the Public Service Commission. Indeed, ITS would not have been able to operate if it did not comply with these requirements. Thus, this exemption for public transportation was found to have included items which were legally required for ITS to remain in operation. *Indianapolis Transit*, 171 Ind.App. at 306, 356 N.E.2d at 1209. The items in Indianapolis Transit were thus necessary and integral in providing the service of transportation.

In *Indiana Department of State Revenue v. Indiana Harbor Belt Railroad Co.*, (1984), Ind.App., 460 N.E.2d 170, the Court of Appeals found certain purchases to be exempt from the state gross retail tax by virtue of the fact that the items purchased were needed and used by the railroad in effectively providing transportation service. The court considered the items purchased to be an integral part of the railroad's ability to provide public transportation. *Harbor Belt*, 460 N.E.2d at 177.

■ In both of the aforementioned cases, the items found to be exempt were considered to be necessary and integral to effectively providing the service of trans-

portation. Some commercial airlines furnish food and costly beverages during flights for the convenience and comfort of passengers in order to promote ticket sales. Some airlines, on the other hand, attempt to increase their market share in the commercial airline industry by boasting that they can offer cheaper fares because they have limited superfluous amenities such as food and drinks. The determination by the Tax Court that based upon this record the evidence does not support the conclusion that food and costly beverages are furnished on flights in order to increase the actual effectiveness of air travel is not clearly erroneous. *USAir, Inc.*, 542 N.E.2d at 1037. The food need not be considered more than an added amenity to air travel and merely incidental to the airline's transportation service. Thus, we cannot say that the Tax Court's determination that the food items purchased in this instance were not necessary and integral to the airline's ability to provide public transportation and thus not exempt from the state gross retail tax was erroneous.

■ Appellant next asserts that the food items purchased in this instance are exempt from the state gross retail tax pursuant to subsection (a) of I.C. 6–2.5–5–20. I.C. 6–2.5–5–20(a) states that "[s]ales of food for human consumption are exempt from the state gross retail tax." The Department, however, maintains that the food items in question are excluded from the food for human consumption exemption by I.C. 6–2.5–5–20(c)(10) which states:

(c) For purposes of this section, the term "food for human consumption" does not include:

.   .   .   .   .

(10) food sold by a retail merchant who ordinarily bags, wraps, or packages the food for immediate consumption on or near the merchant's premises, including food sold on a "take out" or "to go" basis; ....

Appellant contends that because 90% of the food purchased from Dobbs House and Michael Lewis was placed into the holds of airplanes for transportation out-of-state, it was not for "immediate consumption" and

therefore subsection (c)(10) does not apply. Further, the other 10% of the food was not consumed until the airplane was over another state and thus, according to appellant, cannot be considered food for "immediate consumption."

The determination of the Tax Court that the food items purchased by appellant in this instance do not constitute "food for human consumption" because they are excluded from the exemption by I.C. 6–2.5–5–20(c)(10), is not clearly erroneous. The Tax Court's resolution that the food items purchased by appellant can best be characterized as "take out" food, upon consideration of this record as a whole, does not leave us with the definite and firm conviction of error. *USAir, Inc.*, 542 N.E.2d at 1038. Irrespective of when the purchaser ultimately planned to consume the food, the food items when purchased were packaged, bagged, or wrapped by the seller and were ready for immediate consumption.

In addition, in discerning the legislature's intent in adopting the food for human consumption exemption, it is evident that appellant's food purchases in this instance were not meant to fall within the scope of this exemption. This Court has stated that the purpose of the food for human consumption exemption "is to mitigate the regressivity of the sales tax...." *Taxpayers Lobby of Indiana v. Orr* (1974), 262 Ind. 92, 99, 311 N.E.2d 814, 817. I.C. 6–2.5–5–20 contains a list of foods that qualify for the exemption and another list of food items that do not fall within the term "food for human consumption." Those foods that fall within the definition of "food for human consumption" are grocery and staple food items. The Court went on to state in *Orr* that the legislature exempted from the state gross retail tax "food necessities and staples purchased for consumption off the premises where sold." *Orr*, 262 Ind. at 99, 311 N.E.2d at 817. The Court further stated that:

The items excluded from the exemption are basically nonstaple food items or food served for purposes of 'eating out.' In continuing to tax those items while exempting groceries (i.e., basically food

necessities), the legislature has followed and adopted a line of demarcation common in the sales tax laws of other states. If nonstaple items were also exempted from the sales tax, their exemption would not contribute substantially to a decrease in the regressivity of the tax, but it would decrease unnecessarily the revenue derived from the sales tax.

*Id.*, 262 Ind. at 100, 311 N.E.2d at 818.

The judgment of the Tax Court is therefore affirmed.

SHEPARD, C.J., and GIVAN, DICKSON and KRAHULIK, JJ., concur.