**INDIANA DEPARTMENT OF STATE REVENUE, Appellant,**

v.

**GENERAL MOTORS CORPORATION, Appellee.**

No. 49S00–9112–TA–976.

Supreme Court of Indiana.

Sept. 23, 1992.

Linley E. Pearson, Atty. Gen., Marilyn S. Meighen, Deputy Atty. Gen., for appellant.

Larry J. Stroble and Michael Rosiello, Barnes & Thornburg, Indianapolis, for appellee.

GIVAN, Justice.

General Motors (GM) filed an action seeking refund of sales/use taxes assessed and collected by the Department of Revenue (Department) on expendable packaging materials purchased by GM and used in transporting automobile parts manufactured at component plants and transported to other plants where they would be assembled in the construction of finished automobiles.

In its opinion, published at 578 N.E.2d 399, the Tax Court held that GM's purchases of packaging material were exempt from sales/use tax because they were used within an integrated production process. The court held this was true notwithstanding the fact that some parts manufactured in the component plants were sold separately as automobile replacement parts on the retail market. The Tax Court also held that GM was entitled to receive interest on the interest portion of its overpayment. The court also decided the rate of interest to be paid and the time of computation.

General Motors concedes that it owes the sales tax on packaging purchased for the purpose of sending parts into the retail market. It claims its exemption only on the sales tax on packaging used to transport component parts from one of its parts manufacturing plants to its assembly plant.

On appeal, the Department argues that the various parts such as headlights, etc., are in fact a finished product in and of

themselves and the destination of the packaged part should not control the exemption of the packaging material from the sales tax. However, we agree with the Tax Court that the reasoning stated in *Indiana Department of State Revenue v. Cave Stone, Inc.* (1983), Ind., 457 N.E.2d 520 governs in this case. There is no question that a manufactured headlight, steering wheel, transmission, radiator, etc., are finished products in and of themselves. The same would be true of any particular component part being used on an assembly line. However, when destined to the assembly line, they constitute only a component part of the ultimate finished product, in this case a finished automobile. To hold otherwise would virtually negate the statute granting sales tax exemption to machinery, tools, and equipment to be directly used in direct production. Ind.Code § 6–2–1–39(b)(6) [recodified as Ind.Code § 6–2.5–5–3(b)]. It is not the nature of the part that gives rise to the exemption from taxation but the fact that it is necessary to protect that part by packaging to send it from one portion of the automobile manufacturing process to the final assembly line. The Tax Court is correct in its finding that this in fact is a part of the process which the legislature intended to come under the tax exemption.

■ The Tax Court also is correct in holding that the Department must pay interest not only on the tax it wrongfully collected but on the deficiency interest GM was required to pay on that tax. The Department argues that to require it to pay interest on the deficiency interest collected from GM requires them to pay compound interest on their debit. The Tax Court correctly points out that this is an erroneous concept. This is not compound interest at all but is merely simple interest on the total amount which GM was required to pay to the Department under protest. Judge Fisher does an excellent job of explaining why the interest on the entire amount is due under the principles of common law. We find his analysis to be correct and applicable to the case at bar. We also approve Judge Fisher's calculation of the percentage of interest to be paid and

the period of time over which it should be calculated.

The Tax Court is affirmed.

SHEPARD, C.J., concurs, agreeing that the statute provides a basis for paying back with interest.

DeBRULER, DICKSON and KRAHULIK, JJ., concur.