In the Matter of HELMSLEY ENTERPRISES, INC., as Successor of HOTEL ST. MORITZ, INC., Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.

Third Department, January 21, 1993

*Hutton & Solomon,* New York City *(Roy F. Hutton, Stephen L. Solomon* and *Kenneth I. Moore* of counsel), for petitioner.

*Robert Abrams, Attorney-General,* Albany *(Daniel Smirlock* and *Wayne L. Benjamin* of counsel), for Commissioner of Taxation and Finance, respondent.

*Lord Day & Lord, Barrett Smith,* New York City *(Joseph F. McDonald* and *Jack P. Jefferies* of counsel), for Hotel Association of New York City, Inc. and others, *amici curiae.*

## OPINION OF THE COURT

Levine, J.

Petitioner is the operator of a hotel in New York City. In

this CPLR article 78 proceeding it challenges a determination by respondent Tax Appeals Tribunal upholding the validity of an assessment of sales taxes on its purchases during an audit period beginning in June 1982 and ending in May 1985 of hotel guestroom furniture, furnishings (e.g., towels, sheets, etc.) and items supplied for use or consumption by guests (e.g., soap, stationery) (hereinafter referred to as guest consumables). Petitioner also challenges the validity of the provisions of the State sales tax regulations (20 NYCRR 527.9 [i] [2] [ii], [iii]) expressly authorizing the imposition of sales tax on such purchases.

The pertinent statutory provisions for resolution of petitioner's challenge are as follows. Under Tax Law § 1105 (e), a sales tax is imposed on "[t]he rent for every occupancy of a room or rooms in a hotel". Under Tax Law § 1105 (a), a sales tax is also imposed upon "[t]he receipts from every retail sale of tangible personal property". A "sale" includes "[a]ny transfer of title or possession or both, exchange or barter, rental, lease or license to use or consume * * * for a consideration" (Tax Law § 1101 [b] [5]). A "retail sale" is defined as any "sale of tangible personal property to any person for any purpose, other than * * * for resale as such or as a physical component part of tangible personal property" (Tax Law § 1101 [b] [4] [i] [A]).

Petitioner's contention, joined in by the amici curiae (consisting of the Hotel Association of New York City, Inc. and various hotel chains operating hotels in New York City), is that its acquisitions of guestroom furniture, furnishings and guest consumables are statutorily excluded from sales taxation as retail sales because in each case they involve a "sale of tangible personal property * * * for resale as such" (Tax Law § 1101 [b] [4] [i] [A]). Petitioner and the *amici* rely primarily on the decision in *Matter of Burger King v State Tax Commn.* (51 NY2d 614) in support of their position. In *Burger King* the taxpayer, a "fast food" restaurant chain, claimed that its purchases of packaging materials used for dispensing food and beverages to customers for consumption on premises were excluded from the sales tax because they were for resale either "as such or as a physical component part of tangible personal property" (Tax Law § 1101 [b] [4] [i] [A]). The Court of Appeals in *Burger King* rejected the claim that the acquisitions of the packaging materials were excludable as having become a component part of the tangible personal property

that the taxpayer sold to its customers (i.e., food and beverages) on the ground, *inter alia,* that what was sold was not merely the physical food and drink but a "hybrid product" consisting of the combination of food, beverage and services *(supra,* at 621). However, relying on a series of earlier " 'container cases' " *(supra,* at 622), the Court held that the purchases of packaging materials by the fast food restaurant chain were excluded from taxation as a sale " 'for resale as such' " because the food wrappings and beverage containers never became " 'inseparably connected' " to their contents and yet were "a critical element of the final product sold to customers" *(supra,* at 623)

Petitioner's claim before the Tax Appeals Tribunal, and urged by it and the *amici* on review, is that the *Burger King* case *(supra)* compels the conclusion that the acquisitions of guestroom furniture, furnishings and guest consumables constitute sales for resale as such and, thus, must be excluded from the sales tax. They reason, first, that, like the retail sales to the customers of fast food restaurants described in *Burger King,* hotel accommodations are also hybrid transactions in that they involve (1) partly the granting of a temporary possessory interest in real property (the occupancy of a guest room) akin to a leasehold, (2) partly a temporary license to use or consume tangible personal property consisting of the guestroom furniture, furnishings and guest consumables, and (3) partly the provision of guest services, such as guest room cleaning and laundering of towels. Next, they submit that under the broad statutory definition of sale as including any "transfer of * * * possession * * * or license to use or consume" (Tax Law § 1101 [b] [5]), the license granted a guest to use the guestroom furniture, furnishings and consumables for part of the total consideration paid to the hotel is a retail sale of tangible personal property properly taxable under Tax Law § 1105 (a). They then suggest that the statutory provision specifically imposing a sales tax on the rental charge for a hotel room occupancy (Tax Law § 1105 [e]) only appropriately applies to the portion of the total consideration attributable to occupancy of the unfurnished guest room. It then follows, according to petitioner and the *amici,* that the *Burger King* rationale for applying the purchase-for-resale exclusion applies here because the tangible personal property at issue, i.e., the guest room furniture, furnishings and guest consumables, never became "inseparably connected" to the other elements of the hybrid transaction of providing a hotel room accommo-

dation and yet must be considered a "critical element" of such transaction.

The Tax Appeals Tribunal rejected the foregoing line of argument, concluding in substance that a hotel such as petitioner's is not in the business of buying and then reselling the use of guest room furniture, furnishings and guest consumables. Rather, it is in the business of providing a service, the overnight accommodation of its patrons, "and the items at issue were furnished to the hotel's guests as part of its services". Thus, the Tax Appeals Tribunal concluded that the transactions in which petitioner acquired these articles were not sales of tangible personal property for purposes of resale *as such* and were subject to sales tax.

■ In our view, the Tax Appeals Tribunal's determination is both reasonable and far more consistent with the statutory framework than the rationale of petitioner and the *amici* urging application of the purchase-for-resale exclusion from sales tax liability in the instant case. Petitioner has not cited to any statutory language or legislative history to support its theory that, for sales tax purposes, the furnishing of overnight hotel accommodations should be broken down into two taxable transactions: the rental of an unfurnished guest room, taxable under Tax Law § 1105 (e), and the retail sale of the use of tangible personal property in the form of guest room furniture, furnishings and guest consumables, taxable under Tax Law § 1105 (a). It hardly seems debatable that the Legislature, in enacting Tax Law § 1105 (e)—the sole provision expressly imposing a sales tax on the charges for a hotel room occupancy—was aware that hotels commonly supply furniture, furnishings and consumables with room occupancy for a single undifferentiated charge, which the Legislature specifically made taxable under section 1105 (e). This negates any inference of a legislative intent to treat hotel guest room furniture, furnishings and consumables as tangible personal property, the retail sale of which to hotel guests is to be taxed under Tax Law § 1105 (a) *(see, Matter of Burger King v State Tax Commn.,* 51 NY2d 614, 620, *supra)*. Moreover, petitioner's theory that section 1105 (a) was intended to apply to that portion of the consideration paid by the guest attributable to the guest's use of furniture, furnishings and consumables in a hotel room and that section 1105 (e) was intended to apply only to that portion of the consideration attributable to occupancy of the unfurnished guest room is untenable in that it

would leave the portion of the hotel's charge attributable to the provision of services not subject to *any* sales tax.

■ The Tax Appeals Tribunal's determination is also completely consistent with the traditional common-law treatment of a hotel accommodation, i.e., as the creation of a special juridical relationship between innkeeper and guest far different from that of landlord and tenant *(see,* 66 NY Jur 2d, Hotels, Motels, and Restaurants, § 34, at 40-41). At common law, "the business of an innkeeper is of a *quasi* public character" *(de Wolf v Ford,* 193 NY 397, 401 [emphasis in original]). The innkeeper owes the guest a level of "service, attention, convenience and luxury" commensurate with the character of the facility and what may be implied from the charges for the accommodation *(supra,* at 403). "The innkeeper holds himself out as able and willing to entertain guests for hire, and, in the absence of a specific contract, the law implies that he will furnish such entertainment as the character of his inn and reasonable attention to the *convenience and comfort* of his guests will afford" *(supra,* at 403 [emphasis supplied]).

In view of the foregoing obligations of a hotelier to "entertain" by providing some level of luxury for the "convenience and comfort" of guests, it was entirely reasonable for the Tax Appeals Tribunal to characterize petitioner's true function as that of providing a service, to which guestroom furniture, furnishings and consumables are purely incidental amenities. From that rational perspective, the Tax Appeals Tribunal could properly conclude that those items of tangible personal property were not purchased by petitioner for resale *as such* within the meaning of Tax Law § 1101 (b) (4) (i) (A) *(see, Matter of Custom Mgt. Corp. v New York State Tax Commn.,* 148 AD2d 919, 920). Instead, the provision of furniture, furnishings and consumables in guest rooms is " 'inseparably connected' " to petitioner's essential business of serving the comfort and convenience of guests and, therefore, furnishing those items cannot be considered separate transactions for sales tax purposes *(Matter of Atlas Linen Supply Co. v Chu,* 149 AD2d 824, 826, *lv denied* 74 NY2d 616). They were "more akin to items of overhead, enhancing the comfort of * * * patrons" *(Celestial Food of Massapequa Corp. v New York State Tax Commn.,* 63 NY2d 1020, 1022).

■ The foregoing discussion also disposes of petitioner's alternative argument that denial of the purchase-for-resale exclusion to petitioner's acquisition of guestroom furniture, furnishings and consumables would result in an unlawful

multiple sales taxation on the same items of personal property because the cost of these items is an element of petitioner's room charges to guests. The same multiple taxation would exist in any case where personal property is furnished as an incident to the provision of services, or as an amenity for the comfort of patrons of hotels, restaurants and the like *(see, supra,* at 1022). Acceptance of the argument that this kind of multiple taxation is sufficient to establish eligibility for the sales tax exclusion at issue would have "potentially limitless application" *(supra,* at 1022) and must, therefore, be rejected.

Finally, we note that an additional reason for sustaining the Tax Appeals Tribunal's determination herein is that petitioner has failed to sustain its burden of establishing its clear entitlement to a statutory exclusion from the imposition of the sales tax on its purchases of the items of tangible personal property in question *(see, Matter of Colt Indus. v New York City Dept. of Fin.,* 66 NY2d 466, 471; *Matter of Mobil Oil Corp. v Finance Adm'r of City of N. Y.,* 58 NY2d 95, 99; *Matter of Linen World v New York State Tax Commn.,* 140 AD2d 877, 879).

WEISS, P. J., MAHONEY, CASEY and HARVEY, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.