**GREENSBURG MOTEL ASSOCIATES, L.P., d/b/a Lees Inn—Greensburg and Merrillville Motel Associates, L.P., d/b/a Lees Inn—Merrillville, Petitioners,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE and Kenneth L. Miller, in his capacity as Commissioner of the Indiana Department of State Revenue, Respondents.**

No. 49T10–9203–TA–00007.

Tax Court of Indiana.

March 4, 1994.

Stephen H. Paul, Janet M. Charles, Baker & Daniels, Indianapolis, for petitioners.

Pamela Carter, Atty. Gen., Marilyn S. Meighen, Deputy Atty. Gen., Indianapolis, for respondents.

FISHER, Judge.

The Petitioners, Greensburg Motel Associates, L.P., d/b/a Lees Inn–Greensburg and Merrillville Motel Associates, L.P., d/b/a Lees Inn–Merrillville (collectively "Lees Inns"), appeal the final determination of the Respondent, the Indiana Department of State Revenue (the Department). The Department denied Lees Inns' claims for refund of gross retail tax (sales tax) for 1985 through April of 1991.

## ISSUES

I.  Whether Lees Inns' purchases of consumable items, non-consumable items, and utilities are exempt from the sales tax as purchases for resale or leasing under IND. CODE 6–2.5–5–8.

II.  Whether the taxation of Lees Inns' purchases of consumable items, non-consumable items, and utilities violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

### FACTS

Lees Inns own and operate a motel in Greensburg, Indiana and one in Merrillville, Indiana. The Greensburg and Merrillville motels have been in operation since 1985 and 1989 respectively. Lees Inns furnish the motels' meeting and guest rooms with consumable items,[1] non-consumable items,[2] and utilities.[3] Lees Inns paid sales tax on their purchases of consumable items, non-consumable items, and utilities. On July 19, 1991, Lees Inns filed ten claims for refund totaling $28,574.88.[4] The Department failed to issue a final determination within 180 days. Lees Inns now appeal. Additional facts will be provided as necessary.

### STANDARD OF REVIEW

The court reviews Department appeals *de novo.* IND.CODE 6–8.1–9–1(d); *Hoosier Energy Rural Elec. Coop., Inc. v. Indiana Dep't of State Revenue* (1988), Ind. Tax, 528 N.E.2d 867, 869, *aff'd* (1991), Ind., 572 N.E.2d 481, *cert. denied* (1991), — U.S. —, 112 S.Ct. 337, 116 L.E.2d 277. Therefore, the court is not bound by either evidence or issues presented at the administrative level. *USAir, Inc. v. Indiana Dep't of State Revenue* (1993), Ind.Tax, 623 N.E.2d 466, 468. The taxpayer has the burden to show that the transaction is within the terms of the exemption statute, which is strictly construed in favor of taxation. *General Motors Corp. v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 578 N.E.2d 399, 404, *aff'd* (1992), Ind., 599 N.E.2d 588. "Nevertheless, a statute must not be construed so narrowly that it does not give effect to legislative intent because the intent of the legislature embodied in a statute constitutes the law." *Id.*

### DISCUSSION AND DECISION

"An excise tax, known as the state [sales] tax, is imposed on retail transactions made in Indiana." IND.CODE 6–2.5–2–1. The use tax, "imposed on the storage, use, or consumption of tangible personal property in Indiana," is complementary to the sales tax. IND.CODE 6–2.5–3–2; 6–2.5–3–4. *See also USAir,* 623 N.E.2d 466. "Transactions involving tangible personal property are exempt from the state [sales] tax if the person acquiring the property acquires it for resale, rental, or leasing in the ordinary course of his business without changing the form of the property." IC 6–2.5–5–8. *See also* 45 I.A.C. 2.2–5–15(a). Lees Inns contend their purchases of tangible personal property are ex-

---

1. Consumable items are items capable of being consumed, used up, utilized in the satisfaction of wants, or eaten. *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 490 (1981). Lees Inns provide the following consumable items: disposable bags, "Do Not Disturb" signs, Hershey's Kisses, matches, pencils, pens, plastic cups, shampoo, soap, stationery, tissues, toilet paper and seat bands, and trash can liners.

2. Non-consumable items are items that are not capable of being consumed, used up, utilized in the satisfaction of wants, or eaten. *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 490, 1536 (1981). Examples of non-consumable items in Lees Inns' guest rooms are activity tables, air conditioning and heating units, ashtrays, bath mats, bed frames and headboards, bedspreads, blankets, chairs, couches, desks and lamps, draperies and sheers, dressers, glasses, ice buckets and tongs, light bulbs, lounge chairs, luggage racks, mattresses and pads, mini-blinds, mirrors, nightstands, "No Smoking" signs, pictures, pillows and cases, planter boxes, sheets, shower curtains and hooks, silk arrangements, telephones, televisions, towels, washcloths, VCR systems and wastebaskets. Additional non-consumable items in the meeting rooms include air conditioning and heating units, chairs, coat racks, conference tables, credenzas, display boards, glasses, ice buckets and tongs, lecterns, telephones, televisions, and VCR systems.

3. Lees Inns supply water and electricity to their guests.

4. The sales tax in issue is that paid on consumable items, non-consumable items, and utilities used in the meeting and guest rooms. The tax paid on cable television service and on items used in common areas is not in issue. Lees Inns originally filed claims for refund totaling $14,222.46 for Greensburg Motel Associates and $16,220.12 for Merrillville Motel Associates. Lees Inns conceded, however, that $1,867.79 of state gross retail tax on cable television services was proper. Thus, Lees Inns adjusted their claims for refund to $28,574.88: $12,616.96 for Greensburg Motel Associates ($898.55 for 1985, $142.34 for 1986, $122.13 for 1987, $3,566.06 for 1988, $4,085.83 for 1989, $3,175.21 for 1990, and $626.84 for January to April of 1991) and $15,957.92 for Merrillville Motel Associates ($12,060.15 for 1989, $2,900.80 for 1990, and $996.97 for January to April of 1991).

empt from the sales and use taxes as purchases for resale or leasing.

### I. Sale for Resale, Rental or Leasing Exemption

■ It is uncontested that Lees Inns purchased tangible personal property, consisting of consumable and non-consumable items, in the ordinary course of business and, without changing its form, placed it in guest and meeting rooms. Lees Inns claim their purchases of utilities were also made in the ordinary course of business and provided in guest and meeting rooms without change to its form. Specifically, Lees Inns argue that their consumable items were purchased for resale, and their non-consumable items and utilities were purchased for lease.

Lees Inns rely on *Indiana Department of State Revenue v. Hertz Corp.* (1983), Ind. App., 457 N.E.2d 246. In that case, the court held bulk purchases of fuel by an automobile lessor were exempt from sales tax as purchases for resale to lessees. *Id.* at 250. Hertz purchased the gasoline and without changing the form of the gasoline gave the lessees the option to purchase its gasoline. *Id.* Lees Inns assert their purchases of consumable items, non-consumable items, and utilities are, likewise, exempt because their guests choose the room, and thus the consumable items, non-consumable items, and utilities, to rent. This analogy is misplaced, however, because Lees Inns' guests can choose only the quality and quantity of consumable items, non-consumable items, and utilities to purchase. Specifically, Lees Inns' guests do not have the choice whether to purchase the consumable items, non-consumable items, or utilities.

■ Nevertheless, Lees Inns argue that their guests negotiate with them regarding room selection. Negotiation does not occur as to the choice of quantity or brand of consumable items, but rather for the quality of a room only. Lees Inns' room rates vary depending on the type of room rented, the particular time of year, and even the particular day of the week. The rates, however, are in no way dependent on the presence of consumable items. In *Indiana Bell Telephone Co. v. Indiana Department of State Revenue* (1994), Ind.Tax, 627 N.E.2d 1386,

the court, quoting *USAir v. Indiana Department of State Revenue* (1989), Ind.Tax, 542 N.E.2d 1033, *aff'd* (1992), Ind., 582 N.E.2d 777, stated "[t]o subdivide the cost of [an airline] ticket into percentages to cover the various services rendered by the airline ... strain[s] the meaning of the term 'resale.' When a passenger buys a ticket he buys many services." *Id.*, 627 N.E.2d at 1389. Likewise, when a guest rents a room from Lees Inns, the guest buys the benefits of many services, including consumable items, non-consumable items, and utilities. Accordingly, it is an artificial conclusion to divide the cost of Lees Inns' room rental into resales and leases.

Other jurisdictions have considered whether the purchase of consumable and non-consumable items by hotels, and likewise motels, constitutes a resale. In the case of *In re Helmsley Enterprises, Inc. v. Tax Appeals Tribunal of the State of New York* (1993), 187 A.D.2d 64, 592 N.Y.S.2d 851, the court held that "a hotel ... is not in the business of buying and then reselling the use of guest room furniture, furnishings, and guest consumables. Rather, it is in the business of providing [the] service [of] overnight accommodation ..." *Id.* at 69, 592 N.Y.S.2d at 853. Furthermore, a hotel owes its guests a level of "service, attention, convenience and luxury" commensurate with the character of the facility and the reasonable implications of the charges for accommodation. *Id.* at 69, 592 N.Y.S.2d at 854. Thus, "guest room furniture, furnishings, and consumables are purely incidental amenities to that service." *Id.* See also *City of Colorado Springs v. Investment Hotel Properties, Ltd.* (1991), Colo., 806 P.2d 375, 377 (holding the hotel's rental of a room does not constitute a "resale" of the non-consumable items located therein).

The court agrees with the *Helmsley* court. Lees Inns' purchases of motel room furniture, furnishings, and consumable items were incidental to the provision of their motel service. Therefore, those purchases are not exempt from the sales tax.

■ Although the *Helmsley* decision did not discuss whether utility services were ex-

empt from sales tax as purchases for resale, rental, or leasing, its rationale can be applied to the case at bar. Utility services, even more than consumable and non-consumable items, elude the concept of purchase for resale or lease in the motel transaction. Thus, utility services are incidental to the motel's overall service.[5]

IND.CODE 6–2.5–4–4 provides that "[a] person is a retail merchant making a retail transaction when the person rents or furnishes rooms, lodgings, or other accommodations." Thus, Lees Inns argue they are specifically designated as retail merchants, not service providers. Nevertheless, although a motel is classified as a retail merchant for sales tax purposes, it is not a seller of goods in the literal sense. Lees Inns provide a taxable service to the public by furnishing lodging. Their use of consumable items, non-consumable items, and utilities is an element of that service. Therefore, the court holds Lees Inns' purchases of consumable items, non-consumable items, and utilities

are not exempt from sales tax as a purchase for resale, rental, or lease.[6]

## II. *Equal Protection*

[11] Lees Inns are subject to sales tax on their purchases of consumable items, non-consumable items, and utilities for their guests' use. Restaurants, however, are not subject to sales tax on their purchases of napkins, straws and stirrers.[7] Accordingly, Lees Inns claim their equal protection rights have been violated by the taxation of their purchases of consumable items, non-consumable items, and utilities.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, § 1, provides "no state shall ... deny to any person within its jurisdiction the equal protection of the law." *See also* IND. CONST., Art. 1, § 12. "The Equal Protection Clause does not forbid classifications. It simply keeps governmental decision makers from treating differently persons, who are in all relevant respects alike." *Nordlinger v. Hahn* (1992), —— U.S. ——, ——, 112 S.Ct.

---

5. "Electricity cannot be stored, therefore, it must be produced the moment it is demanded." *Indiana–Kentucky Elec. v. Indiana Dep't of State Revenue* (1992), Ind.Tax, 598 N.E.2d 647, 650. Furthermore, because electricity travels within an interconnected grid system, "[a] small amount of ... electricity ... is instantly present everywhere." *Id.* at 653. Lees Inns did not demonstrate any regulation or monitoring of the specific amount of electricity supplied to guest rooms, office computer terminals, heating of empty rooms, or lighting common areas at any given time. This further indicates that electricity is also part of Lees Inns' overall service.

6. Lees Inns argue the provision of tangible personal property is necessary to receive a favorable rating from the American Automobile Association's Motel Rating Service. The business of a motel is to rent comfortable and livable rooms. *Helmsley*, 187 A.D.2d at 69, 592 N.Y.S.2d at 854. The motivating factor in any industry is consumer expectations. Therefore, the provision of certain goods and services is required to compete. *Indiana Bell*, 627 N.E.2d at 1389. Lees Inns' provision of tangible personal property is part of an overall service.

Lees Inns also argue the legislature did not intend to tax motels on purchases of tangible personal property. Lees Inns rely on the enactment of IND.CODE 6–2.5–5–35, effective July 1, 1992, exempting items of personal property purchased, used, removed or consumed by motel guests from gross retail tax. IC 6–2.5–5–35 is

unnecessary if IC 6–2.5–5–8 exempts motel purchases. The court cannot presume the legislature intended to enact a meaningless statute or a nullity. *Fort Wayne Nat'l Corp. v. Indiana Dep't of State Revenue* (1993), Ind.Tax, 621 N.E.2d 668, 675.

Lees Inns argue tax pyramiding is occurring because they are providing a taxable service and are not exempt from sales tax on their purchases of consumable items, non-consumable items, and utilities. Not every purchase incorporated into a service is exempt from sales tax. *See, e.g., Indiana Bell*, 627 N.E.2d at 1389 (the court held White Page Directories purchased by Indiana Bell and transferred to its customers were not purchases for resale, regardless of the taxation of telephone service to its customers).

7. The Department has ruled that the purchase of straws, napkins, stirrers and plastic utensils is exempt if the distribution of those items are controlled by the taxpayer. *Department of Revenue Supplemental Letter of Findings*, 87–0717 ST; 87–0676 ST (March 30, 1990). *See also Department of Revenue Request for Ruling* (July 29, 1988) (Napkins, straws, stirrers, and utensils placed in the customer's bag along with his order by the drive-through or carry-out restaurant are exempt as purchases for resale); *Department of Revenue Letter of Findings*, 86–8240–ST (January 27, 1987) (All purchases of napkins, straws, stirrers, and utensils to be distributed by the taxpayer upon the sale of its product are exempt as purchase for resale).

2326, 2331, 120 L.Ed.2d 1 (citing *F.S. Royster Guano Co. v. Virginia* (1920), 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989).

Lees Inns rely on Department administrative decisions,[8] which address the taxability of napkins, straws, and stirrers, to show they are not receiving the same benefit as restaurants. The administrative decisions are insufficient for that purpose. Lees Inns have not been singled out for separate treatment, nor are they similarly situated with restaurants. Accordingly, Lees Inns are not taxed differently from other taxpayers who, in all relevant respects, are alike. Therefore, the

Equal Protection Clause has not been violated.[9]

### CONCLUSION

For all the foregoing reasons, the court AFFIRMS the Department's denial of Lees Inns' claims for refund.

---

8. *See* note 7, *supra.*

9. Lees Inns also claim they have a 42 U.S.C. § 1983 claim on the basis of this alleged equal protection violation. Because the court has found Lees Inns' equal protection rights have not been violated, Lees Inns do not have a cognizable claim under § 1983.