ATTORNEYS FOR APPELLANT
Gregory F. Zoeller
Attorney General of Indiana

Andrew W. Swain
Chief Counsel, Tax Section
Indianapolis, Indiana

Jessica E. Reagan
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Randal J. Kaltenmark
Larry J. Stroble
Ziaaddin Mollabashy
Indianapolis, Indiana



# In the
# Indiana Supreme Court

No. 49S10-0808-TA-474

INDIANA DEPARTMENT OF REVENUE,

*Appellant (Respondent below)*,

v.

KITCHIN HOSPITALITY, LLC,

*Appellee (Petitioner below)*.

Appeal from the Indiana Tax Court, No. 49T10-0604-TA-35
The Honorable Thomas G. Fisher, Judge

On Petition for Review Pursuant to Appellate Rule 63(A)

**June 17, 2009**

**Sullivan, Justice.**

Indiana tax law was amended in 1992 to exempt hotels from paying sales tax on "tangible personal property" purchased by hotels that guests use up or otherwise consume such as soap, shampoo, tissue paper, and plastic cups. Kitchin Hospitality, LLC, a hotel operator, contends

that a 2003 amendment to the tax law had the effect of extending this exemption to its purchases of electricity, water, and gas as well. We find that the exemption does not extend to utilities because it is the hotel itself, and not its guests, that uses up and consumes electricity, water, and gas.

## Background

Kitchin Hospitality, LLC, is a wholly-owned subsidiary of Jameson Inns, Inc., a Georgia corporation. During the taxable periods ending December 31, 2004, and October 31, 2005, the years at issue in this case, Kitchin operated 14 hotels in Indiana. Each hotel had an identical floor plan, with guest rooms and guest-accessible common areas comprising approximately 72% and 22%, respectively, of a hotel's square footage. During the years at issue, Kitchin rented the guest rooms and the accessible common areas in exchange for the rental rates paid by its guests.

Under the lease agreement between Kitchin and Jameson, Kitchin was responsible for all utility costs incurred in connection with operating the hotels. For the years at issue, Kitchin purchased utilities for the hotel. Each hotel had a single utility meter; the guest rooms had separate thermostats and were equipped with various electrical amenities including televisions, alarm clocks, coffee makers, irons, and hair dryers. Kitchin allocated all utility costs from the common areas and guest rooms into the rental rate for its guest rooms, but guests were not billed separately for utilities.

Kitchin paid gross retail tax on its electric, water, and gas ("utilities") purchases during the years at issue. Kitchin subsequently filed two claims with the Indiana Department of State Revenue seeking a refund of approximately $89,700 in gross retail tax paid on utility purchases. Kitchin based its claim on a statutory exemption from gross retail tax, to be discussed in detail in this opinion, available to hotels for "tangible personal property" that guests use up, remove, or otherwise consume while staying at a hotel. The Department denied both claims; Kitchin appealed. The Tax Court held that for the years at issue, the utilities consumed in the guest rooms, but not in the common areas, qualified for the tangible personal property exemption. Kitchin

2

Hospitality, LLC v. Ind. Dep't of State Revenue, 881 N.E.2d 1124 (Ind. Tax Ct. Mar. 3, 2008) (table).

The Department sought, and we granted, review, 898 N.E.2d 1221 (table). Ind. Appellate Rule 63(A).

We note two collateral matters related to this litigation. First, the Department notes that since the Tax Court's decision, many hotels have filed refund claims for utility purchases. Second, in 2007, the Legislature amended the law to provide that that the exemption at issue here "does not apply to transactions involving electricity, water, gas, or steam." 2007 Ind. Acts 3031, Pub. L. No. 211, § 14 (codified at I.C. § 6-2.5-5-35(b)).

**Discussion**

**I**

The Indiana General Assembly has imposed excise taxes, formally known as the "state gross retail tax," and commonly referred to as "sales tax," on retail transactions made in Indiana. Ind. Code § 6-2.5-2-1(a). There is no dispute that Kitchin's utility purchases at issue are "retail transactions" for this purpose. The provisions enacted by the Legislature that govern the gross retail tax, including exemption provisions and applicable definitions, are contained in article 2.5 of title 6 of the Indiana Code.[1]

In 1992, the General Assembly created an exemption from the gross retail tax for the benefit of the hospitality industry. The exemption, contained in section 35 of chapter 5 of article 2.5, provided that:

---

[1] "The Indiana Code . . . is . . . divided by subjects into 36 'titles.' (Title [6 contains the laws dealing with taxes].) Each title is further divided, first into 'articles,' then into 'chapters,' and then into 'sections.' This organization is easily understood, thanks to a citation scheme that separates each of these divisions by hyphens. For example, Ind. Code § 1-2-3-4 stands for section 4 of chapter 3 of article 2 of title 1 of the Indiana Code." Util. Ctr., Inc. v. City of Fort Wayne, 868 N.E.2d 453, 455 (Ind. 2007).

Transactions involving tangible personal property are exempt from the state gross retail tax if:

(1) the:
(A) person acquires the property to facilitate the service or consumption of food and food ingredients that is not exempted from the state gross retail tax under section 20 of this chapter; and
(B) property is:
(i) used, consumed, or removed in the service or consumption of the food and food ingredients; and
(ii) made unusable for further service or consumption of food and food ingredients after the property's first use for service or consumption of food and food ingredients; or

(2) the:
(A) person acquiring the property is engaged in the business of renting or furnishing rooms, lodgings, or accommodations in a commercial hotel, motel, inn, tourist camp, or tourist cabin; and
(B) property acquired is:
(i) used up, removed, or otherwise consumed during the occupation of the rooms, lodgings, or accommodations by a guest; or
(ii) rendered nonreusable by the property's first use by a guest during the occupation of the rooms, lodgings, or accommodations.

1992 Ind. Acts 2226, Pub. L. No. 43, § 8 (codified at I.C. § 6-2.5-5-35). We will refer to this 1992 addition to the statute as the "Section 35 Exemption." The portion of the Section 35 Exemption at issue in this case is contained in subdivision (2)(A) & (2)(B)(i).

In May, 1994, the Department issued an "Information Bulletin" declaring that it would exempt items including "complimentary toiletry items such as soap, shampoo, tissue paper, plastic cups and any other items not reusable." See Ind. Dep't of Revenue, Information Bulletin No. 66 (1994).

When the Legislature adopted the Section 35 Exemption, article 2.5 did not include a definition of "tangible personal property." In 2003, while adopting the "Streamlined Sales and Use Tax Agreement" (SSUTA) – part of a multi-state cooperative effort called the "Streamlined

4

Sales Tax Project" (SSTP) – the Legislature made multiple amendments to article 2.5.[2] See Ind. Acts 2003 2660, Pub. L. No. 257, § 18. The SSTP provisions included a definition of "tangible personal property," added as section 27 of chapter 1 of article 2.5. It defined "tangible personal property" to include personal property that: "can be seen, weighed, measured, felt or touched; or [] is in any other manner perceptible to the senses. The term includes electricity, water, gas, steam, and prewritten computer software." I.C. § 6-2.5-1-27.

The language of the Section 35 Exemption was not amended by the SSTP and remained unchanged until after this litigation commenced. As noted above, in 2007, the Legislature amended the Section 35 Exemption to specify that it did not apply to transactions involving electricity, water, gas, or steam. See 2007 Ind. Acts 3031, Pub. L. No. 211, § 14 (codified at I.C. § 6-2.5-5-35(b)).

It is well established that the exemption statutes are strictly construed against a taxpayer so long as the intent and purpose of the Legislature is not thwarted. Ind. Dep't of Revenue v. Interstate Warehousing, Inc., 783 N.E.2d 248, 250 (Ind. 2003). Thus, the burden was on Kitchin to establish its entitlement to the exemption. Id. "Nevertheless, a statute must not be construed so narrowly that it does not give effect to legislative intent because the intent of the legislature embodied in a statute constitutes the law." Gen. Motors Corp. v. Ind. Dep't of State Revenue, 578 N.E.2d 399, 404 (Ind. Tax Ct. 1991), aff'd, 599 N.E.2d 588 (Ind. 1992).

Kitchin contends that the utilities are tangible personal property according to the plain language of the definitional statute, I.C. § 6-2.5-1-27. The Department counters that the reference to utilities in the definition of tangible personal property does not apply to the Section 35 Exemption and that, in any event, utilities do not fall under the language of the Section 35 Exemption because it is a hotel, and not hotel guests, that "use[] up . . . or otherwise consume" utili-

---

[2] The SSTP, organized in 2000, is a multi-state project intended to simplify the administration of sales and use taxes in order to reduce substantially the burden of tax compliance. The SSTP seeks to accomplish this goal by, among other things, providing uniform definitions within tax laws. For states to participate in the SSTP, the state must enact the SSUTA and conform to its provisions. Streamlined Sales Tax Governing Board, Inc., About the Project, http://www.streamlinedsalestax.org/oprules.html (last visited June 1, 2009).

ties. Kitchin responds that the tangible personal property exemption does not require the guests to use up or consume the utilities directly.

## II

The Department maintains that utilities were not eligible for the Section 35 Exemption during the years at issue. It argues that the definition of "tangible personal property" added in 2003 to chapter 1 of article 2.5 has nothing to do with hotels, and that the Section 35 Exemption has never been interpreted to include utilities. Rather, the Department says, the definition of tangible personal property was added to article 2.5 as part of the Legislature's adoption of the SSUTA in Pub. L. No. 257-2003, § 18, and is applicable exclusively in that context.

We find it unnecessary to resolve whether utilities were "tangible personal property" within the meaning of the Section 35 Exemption because, even if so, we do not find that hotel guests consumed the utilities in a manner that qualified Kitchin for the exemption.

During the years at issue, the tangible personal property exemption required the property to be "used up, removed, or otherwise consumed during the occupation of the rooms, lodgings, or accommodations by a guest."[3] The Tax Court concluded that the utilities need not be directly consumed by a guest because it found that "consumed" modifies "during the occupation of the rooms." See Kitchin, slip op. at 7-8. We believe it is more properly construed to apply to property "consumed by a guest" during the occupation of the rooms, lodgings, or accommodations.

The Tax Court read the phrase "by a guest" to modify the phrase "during the occupation of the rooms, lodgings, or accommodations." This led the Tax Court to conclude that the language of the Section 35 Exemption did "not require a hotel guest to directly consume the utilities." Kitchin, slip op. at 7-8.

We parse the language of the Section 35 Exemption differently. We believe that the using up or consumption of the tangible personal property in question must meet two tests in order

---

[3] I.C. § 6-2.5-5-35(2)(B)(i).

6

for the property to be exempt from tax: first, the property must be used up or otherwise consumed "during occupation of the rooms." Second, the property must be used up or otherwise consumed "by a guest."

We reach this conclusion for several reasons. First, the Tax Court's interpretation would extend the Section 35 Exemption to property far beyond that which we believe the Legislature intended it to reach. If the property does not have to be used up or consumed by a guest, as the Tax Court held, but only used up or consumed during the occupation of a room by a guest, the exemption would extend to products the hotel used to clean a room or wash the linens during a guest's stay – or even to office supplies used during a guest's stay.

Second, the other two parts of the Section 35 Exemption make it clear that what the Legislature attempted to exempt from tax was property that guests themselves used – subdivision (1) covering paper napkins, pre-packaged condiments, and other property used by food service guests; and subdivision (2) covering property "rendered nonreusable by the property's first use by a guest." It seems far more consistent with the statutory scheme that subdivision (2) would operate in the same way.

Reading the Section 35 Exemption in this way comports with the tenet that exemption statutes are strictly construed against a taxpayer so long as the intent and purpose of the Legislature is not thwarted. See Interstate Warehousing, Inc., 783 N.E.2d at 250. And it also comports with the deference we traditionally give to the interpretation of a statute by an administrative agency charged with the duty of enforcing it. LTV Steel Co. v. Griffin, 730 N.E.2d 1251, 1257 (Ind. 2000); Ind. Dep't of State Revenue v. Bulkmatic Transp., Co., 648 N.E.2d 1156, 1158 (Ind. 1995).

Finally, we consider the 2007 amendment to the Section 35 Exemption that expressly provides that utilities are excluded. Where it appears that the Legislature amends a statute to express its original intention more clearly, the normal presumption that an amendment changes a statute's meaning does not apply. See Ind. Dep't of State Revenue v. Endress & Hauser, Inc.,

7

404 N.E.2d 1173, 1175 (Ind. Ct. App. 1980) (citing Econ. Oil Corp. v. Ind. Dep't of State Revenue, 162 Ind. App. 658, 321 N.E.2d 215, 219 (1974)), trans. denied.

It certainly seems to us that in this case the Legislature was clarifying existing law. Prior to the enactment of the definition of "tangible personal property" in I.C. § 6-2.5-1-27, the sales and use tax scheme of article 2.5 did not define the term. And the Tax Court had twice held that utilities did not constitute "tangible personal property." See e.g., Mynsberge v. Dep't of State Revenue, 716 N.E.2d 629, 637 (Ind. Tax Ct. 1999) (declaring that "there is no principled basis for finding that electricity constitutes tangible personal property"); UACC Midwest, Inc. v. Ind. Dep't of State Revenue, 667 N.E.2d 232, 237 (Ind. Tax Ct. 1996) (holding that cable television programming did not constitute tangible personal property).

Reading the 2007 amendment to the Section 35 Exemption as a clarification of the law is consistent with the purpose of Indiana's adoption of the SSTP and its model provisions – to simplify and modernize the administration and collection of the state's sales and use taxes. The ultimate goal of the SSTP effort is to allow states that have simplified their tax systems to require an out-of-state seller to collect tax on purchases sent to those states, even when the seller does not have a physical presence in that state. The theory behind this goal is that the SSTP system will eliminate the burdens on interstate commerce that, according to Quill Corp. v. North Dakota, 504 U.S. 298 (1992), currently justify denying states such authority. The Department persuasively argues that the SSUTA's uniform definitions "are not intended to invalidate or amend any provision of a member state's laws." (App. 15.) Thus the Legislature in all likelihood enacted the definition of "tangible personal property" in I.C. § 6-2.5-1-27 to bring the state into compliance with the SSUTA, not to render utilities eligible for the Section 35 Exemption.

Kitchin purchased water, electricity, and gas from utility companies in order to supply its lodging operations for the tax years at issue. Each hotel had a single electric meter, water meter, and gas meter for the entire facility. The guest rooms did not have separate utility meters or thermostats; Kitchin did not monitor each guest's use of utilities. Most importantly for the statutory scheme, water, electricity, and gas is used up or otherwise consumed in guest rooms whether

the rooms are occupied or vacant – they are used up or otherwise consumed by a hotel, not "by a guest."

We hold that the Section 35 Exemption of I.C. § 6-2.5-5-35(2) applies to items used up or otherwise consumed by guests. Because Kitchin, and not its guests, use up or otherwise consumed the utilities, Kitchin is not entitled to the Section 35 Exemption for the utilities used in its Indiana hotels.

### Conclusion

We reverse the judgment of the Indiana Tax Court and affirm the decision of the Indiana Department of Revenue denying Kitchin exemption from sales tax under I.C. § 6-2.5-5-35.

Shepard, C.J., and Boehm, J., concur.

Dickson, J., dissents with a separate opinion in which Rucker, J., concurs.

9

**Dickson, Justice, dissenting.**

I dissent, believing that the facts and law of this case warrant our deferring to the determination of the Tax Court which was created "to consolidate tax-related litigation in one court of expertise." State v. Sproles, 672 N.E.2d 1353, 1357 (Ind. 1996).

Rucker, J., concurs.