ATTORNEYS FOR APPELLANT
Mitchell B. Stoddard
Consumer Law Advocates
St. Louis, Missouri

Robert E. Duff
Indiana Consumer Law Group
Lebanon, Indiana

ATTORNEY FOR APPELLEES
Jonathan E. Palmer
New Palestine, Indiana



FILED

May 13 2010, 3:06 pm

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 94S00-0912-CQ-559

LARRY D. STORIE,                    *Plaintiff-Appellant,*

v.

RANDY'S AUTO SALES, LLC,            *Defendant/Third-Party Plaintiff/Appellee,*

v.

ST. PAUL MERCURY INSURANCE COMPANY,    *Third-Party Defendant/Appellee.*

Certified Question from the United States Court of Appeals for the Seventh Circuit,
No. 09-1675
The Honorable Richard D. Cudahy, Diane P. Wood, and Diane S. Sykes, Circuit Judges

**May 13, 2010**

**Dickson, Justice.**

Pursuant to Indiana Appellate Rule 64, the United States Court of Appeals for the Seventh Circuit has certified, and we have accepted, the following question concerning the application of Indiana law: "whether an entity that purchases and later sells a wrecked vehicle is required to apply for a salvage title under Ind. Code § 9-22-3-11(e) when it no longer owns the vehicle upon receipt of the certificate of title." Storie v. Randy's Auto Sales, LLC, 589 F.3d 873,

881 (7th Cir. 2009).  As explained below, we answer in the affirmative.

This certified question arises in a federal civil action.  Larry D. Storie, who bought a truck that had been involved in a fatal accident the previous year, instituted the action against Randy's Auto Sales, LLC, alleging that Randy's failed to apply for a salvage title as required by Indiana law.  The federal district court granted summary judgment in favor of Randy's.  Storie v. Randy's Auto Sales, LLC, No. 1:07-cv-22-WTL-DML, 2009 WL 348751 (S.D. Ind. Feb. 6, 2009).  Storie's appeal to the Seventh Circuit Court of Appeals resulted in this certified question.

A certificate of salvage title is required under the Indiana Motor Vehicle Code for certain motor vehicles if either: (a) "[a]n insurance company has determined that it is economically im-practical to repair the wrecked or damaged motor vehicle . . . and has made an agreed settlement with the insured or claimant;" (b) the vehicle is owned by a self-insured business and the cost of repairing it "exceeds seventy percent (70%) of the fair market value immediately before [it] was wrecked or damaged;" or (c) the vehicle is a "flood damaged vehicle."  Ind. Code § 9-22-3-3(a).

The certified question seeks direction from this Court regarding the application of the fol-lowing statutory provision:

> Any other person acquiring a wrecked or damaged motor vehicle, motorcycle, semitrai-ler, or recreational vehicle that meets at least one (1) of the criteria set forth in section 3 of this chapter, which acquisition is not evidenced by a certificate of salvage title, shall apply to the bureau within thirty-one (31) days after receipt of the certificate of title for a certificate of salvage title.

Ind. Code § 9-22-3-11(e).[1]  In its order certifying the question to us, the Seventh Circuit gra-

---

[1] In its entirety, section 11 provides:

> (a) This section applies to the following persons:
>    (1) An insurance company that declares a wrecked or damaged motor vehicle, motorcycle, se-mitrailer, or recreational vehicle that meets at least one (1) of the criteria set forth in section 3 of this chapter and the ownership of which is not evidenced by a certificate of salvage title.
>    (2) An insurance company that has made and paid an agreed settlement for the loss of a stolen motor vehicle, motorcycle, semitrailer, or recreational vehicle that:
>       (A) has been recovered by the titled owner; and
>       (B) meets at least one (1) of the criteria set forth in section 3 of this chapter.
>
> (b) A person who owns or holds a lien upon a vehicle described in subsection (a) shall assign the certificate of title to the insurance company described in subsection (a).  The insurance company

2

ciously observes that "Ind. Code § 9-22-3-11(e) is not a model of clarity." Storie, 589 F.3d at 876. The order notes that the statute's directive requiring application for a certificate of salvage title "might capture current and former owners alike," and yet, "a variety of arguments suggests that former owners might nevertheless be exempt." *Id*.

We emphasize at the outset that the certified question does not present us with the general question of whether Randy's was required to apply for a certificate of salvage title. More specifically, we are not asked whether the phrase "[a]ny other person" in subsection 11(e) applies to dealers. The Seventh Circuit has already found Randy's contention that subsection 11(e) does not apply to dealers is without merit. *Id*. at 880. The court likewise rejected Randy's argument that dealers can rely on insurance companies as gatekeepers. *Id.* Because of the specificity of the certified question, we do not address these issues. The focus of the certified question is

---

shall apply to the bureau within thirty-one (31) days after receipt of the certificate of title for a certificate of salvage title for each salvage or stolen vehicle subject to this chapter. The insurance company shall surrender the certificate of title to the department and pay the fee prescribed under IC 9-29-7 for a certificate of salvage title.

(c) When the owner of a vehicle described in subsection (a) retains possession of the vehicle:
  (1) the person who possesses the certificate of title shall surrender the certificate of title to the insurance company described in subdivision (2);
  (2) the insurance company that completes an agreed settlement for the vehicle shall:
    (A) obtain the certificate of title; and
    (B) submit to the bureau:
      (i) the certificate of title;
      (ii) the appropriate fee; and
      (iii) a request for a certificate of salvage title on a form prescribed by the bureau; and
  (3) after the bureau has received the items set forth in subdivision (2)(B), the bureau shall issue a certificate of salvage title to the owner.

(d) When a self-insured entity is the owner of a salvage motor vehicle, motorcycle, semitrailer, or recreational vehicle that meets at least one (1) of the criteria set forth in section 3 of this chapter, the self-insured entity shall apply to the bureau within thirty-one (31) days after the date of loss for a certificate of salvage title in the name of the self-insured entity's name.

(e) Any other person acquiring a wrecked or damaged motor vehicle, motorcycle, semitrailer, or recreational vehicle that meets at least one (1) of the criteria set forth in section 3 of this chapter, which acquisition is not evidenced by a certificate of salvage title, shall apply to the bureau within thirty-one (31) days after receipt of the certificate of title for a certificate of salvage title.

(f) A person that violates this section commits a Class D infraction.

Ind. Code § 9-22-3-11.

"whether ongoing ownership is required." *Id.*

The language of subsection 11(e) makes no clear distinction between current and former owners. Its operative language essentially declares that anyone "acquiring" a wrecked or damaged motor vehicle (for which there is no existing salvage title) "shall apply" to the Indiana Bureau of Motor Vehicles for a certificate of salvage title within thirty-one days after receiving the vehicle's original certificate of title. As noted by the Seventh Circuit, "Section 11 makes no explicit reference to an ongoing requirement of ownership." *Id.* at 876.

On the other hand, Indiana Code § 9-22-3-4 directs the issuance of a certificate of salvage title "as proof of ownership for a salvage motor vehicle" upon proper application, fee payment, and surrender of the vehicle's original certificate of title. An entity that purchases a salvage vehicle may sell it to another party before receiving the original certificate of title because the legal ownership of a vehicle is determined by the Uniform Commercial Code, not by Indiana's Certificate of Title Act. Madrid v. Bloomington Auto Co., Inc., 782 N.E.2d 386, 395 (Ind. Ct. App. 2003), *trans. not sought*. And Indiana Code § 9-17-3-3(a)(4) allows dealers a twenty-one-day grace period following the date of a vehicle's sale to deliver the certificate of title to the purchaser. It is therefore possible for an entity acquiring a salvage vehicle to have relinquished ownership of it before receiving the original certificate of title, which receipt triggers the requirement in subsection 11(e) to apply for a salvage title. In such a case, requiring the acquiring entity to obtain a salvage title for a vehicle it has already sold would appear to produce a false "proof of ownership." A construction limiting "acquiring" to the period of ownership is also supported by Indiana Code § 9-22-3-6, which expressly permits a salvage title to be "assigned by the person who owns the salvage vehicle to another buyer." There is no comparable express authorization for the assignment of a salvage title by one who obtains or receives a salvage title after transferring ownership to another (but post-ownership assignment of a salvage title is not expressly precluded).

A contrary implication, however, is suggested by the language of subsection 11(e) that allows an entity acquiring a salvage vehicle thirty-one days after receipt of its certificate of title within which to apply for a certificate of salvage title. Once it acquires a salvage vehicle, an ent-

4

ity is free to immediately transfer ownership of it, subject to statutory requirements for the delivery of the certificate of title contemporaneous with the sale, or in the case of licensed dealers, within twenty-one days and subject to certain conditions. Ind. Code § 9-17-3-3. A salvage vehicle thus can be acquired and then sold in a short period of time, well before the statutory deadline for applying for a certificate of salvage title. By affirmatively declaring that the acquiring entity has an extended length of time after receipt of the original certificate of title within which to apply for a salvage title, rather than requiring such application immediately upon taking ownership of the vehicle, the legislative scheme suggests that the acquiring entity's obligation to apply continues beyond its period of ownership.

If subsection 11(e) imposes no obligation to apply for a salvage title upon an entity that purchases the salvage vehicle but sells it before the expiration of thirty-one days after receiving the original certificate of title, then it would appear possible that an eventual retail purchaser of the vehicle could acquire the vehicle without it ever having been assigned a salvage title, and thus the ultimate purchaser would receive no notice of its salvage history.[2]

The Seventh Circuit's certification order notes the possible applicability of Allstate Ins. Co. v. Larkin's Body Shop & Auto Care, 673 N.E.2d 846 (Ind. Ct. App. 1996), *trans. not sought.* In Larkin's Body Shop, the owner of a car received a total-loss settlement from his insurance company but retained ownership of the wrecked vehicle. Because the insurance company did not obtain ownership of the vehicle, it was held not to have "acquired" the vehicle so as to trigger an obligation to apply for a salvage title under then-existing law. The court did not, however, hold that the word "acquiring" was inapplicable where ownership was obtained but then transferred. While never having obtained ownership precludes "acquiring," it does not necessarily follow that by purchasing and then selling a vehicle an entity thereby erases the fact that it had

---

[2] In most cases, the obvious damage to such salvage vehicle would serve as notice to the ultimate purchaser. Indiana's statutory provisions thus generally impose an obligation to obtain a "rebuilt title" before selling a salvage vehicle that has been rebuilt. *See* Ind. Code § 9-22-3-16; 140 Ind. Admin. Code 6-1-16.5(c). But where the rebuilding of a salvage vehicle is performed outside Indiana in a state that lacks comparable requirements for identifying rebuilt vehicles, the certificate of salvage title may be the ultimate purchaser's sole protection.

once acquired the vehicle and the associated obligation to apply for a salvage title. [3]

Insight regarding the interpretation of statutes implemented by regulatory agencies can often be found by reference to the agencies' regulations. *See* Varner v. Ind. Parole Bd., 922 N.E.2d 610, 612 (Ind. 2010); Ind. Dep't of Revenue v. Kitchin Hospitality, LLC, 907 N.E.2d 997, 1002 (Ind. 2009). The Bureau of Motor Vehicles is authorized to adopt and enforce rules to implement the Indiana Motor Vehicle Code. Ind. Code § 9-14-2-2. But its regulations do not appear to address the question before us. Specifically, 140 Indiana Administrative Code 6-1-16.5(a) states: "A person who acquires a salvage motor vehicle that was originally manufactured within the prior seven (7) model years must apply for a salvage motor vehicle title." Whereas the statute uses "acquiring," the regulation uses "acquires," which does not expressly specify whether the obligation to apply for a salvage title terminates when an entity acquiring a wrecked or damaged motor vehicle transfers ownership to another entity, or whether the obligation continues even in the event the acquiring entity transfers ownership of the vehicle before receiving its certificate of title, or before the expiration of thirty-one days thereafter.

While acknowledging that Indiana Code § 9-22-3-11 is not free from ambiguity, we find persuasive the legislature's use of "acquiring" rather than "owning," the thirty-one day grace period within which to apply for a certificate of salvage title after receiving the original certificate of title, and the harmful consequences that could result if "acquiring" were construed to mean "owning." As a result, we answer the certified question in the affirmative. That is, an entity that purchases and later sells a wrecked vehicle is required to apply for a salvage title under Indiana Code § 9-22-3-11(e), even if it no longer continues to own the vehicle when it receives the certif-

---

[3] The holding in Larkin's Body Shop was narrow and based upon a statutory change in prior law that had required insurance companies to obtain the original title from the owner and to submit it to the Bureau of Motor Vehicles in order to receive a salvage title. The court found that the legislature's statutory revision requiring that a vehicle be "acquired" operated to relieve the insurance company of the duty to apply for a salvage title when it made a total-loss settlement but did not acquire the salvage vehicle. Following Larkin's Body Shop, the legislature amended section 11 to modify its applicability to insurance companies and their obligation to apply for a salvage title. *See* Ind. Code § 9-22-3-11(a)–(c). The first amendment took place in 2003 when the General Assembly substantially changed the section by deleting the "other persons" language that co-existed in the subsections with insurance companies and created subsection (d) which contains the language currently found in subsection (e). *See* 2003 Ind. Acts 2806-07. The second amendment occurred in 2006 when the General Assembly enacted Public Law 110 which added what is currently subsection (c) and re-lettered other sections. *See* 2006 Ind. Acts 1942-43.

icate of title.  The relinquishment of ownership of the salvage vehicle does not extinguish the obligation to apply for a salvage title.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.