**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued September 16, 2009
Decided August 4, 2010

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No.  09-1675

| | |
|---|---|
| LARRY D. STORIE, | Appeal from the United States District |
| *Plaintiff - Appellant*, | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 07 CV 22 WTL DML |
| RANDY'S AUTO SALES, LLC, | |
| *Defendant - Third/Party Plaintiff -Appellee*, | William T. Lawrence, |
| | *Judge*. |
| *v.* | |
| ST. PAUL MERCURY INSURANCE CO., | |
| *Third/Party Defendant - Appellee*. | |

**O R D E R**

Larry D. Storie, who purchased a Western Star truck apparently without knowledge that the vehicle had previously been in a fatal accident, claims that under Indiana law Randy's Auto Sales, LLC (Randy's) should have applied for a salvage title within 31 days of

receiving the certificate of title, even though it no longer owned the truck at the time it received the title. The district court disagreed and granted Randy's motion for summary judgment. *Storie v. Randy's Auto Sales, LLC*, 2009 WL 348751, at *1 (S.D. Ind. Feb. 6, 2009). The district court found that Randy's did not have to apply for a salvage title, since it was no longer the owner of the truck when it received the certificate of title. *Id.* at *2. Since we were unable to determine whether the Indiana statute at issue in the present case, Ind. Code § 9-22-3-11(e), applied to former as well as to current owners of a salvage vehicle, we certified that question to the Indiana Supreme Court. *Storie v. Randy's Auto Sales, LLC*, 589 F.3d 873 (7th Cir. 2009). Thereafter, the Indiana Supreme Court held on May 13, 2010 that the relinquishment of ownership of a salvage vehicle does not extinguish the obligation to apply for a salvage title upon receipt of the relevant certificate of title. *Storie v. Randy's Auto Supply, LLC*, 926 N.E.2d 487, 489 (Ind. 2010).

According to our Circuit Rule 52(b), parties are required to file statements of their positions about what action this court should take to complete the resolution of the appeal within 21 days of the issuance of an opinion from the state court that decides a certified issue. Here, none of the parties has followed this rule. Nevertheless, applying the Indiana Supreme Court's clarification of Ind. Code § 9-22-3-11(e)—that an entity that purchases and later sells a wrecked vehicle must still obtain a salvage title within 31 days of receiving the certificate of title, regardless whether that entity still owns that vehicle—we reverse the district court's decision granting Randy's summary judgment.

## DISCUSSION

In 2003, a Western Star truck was involved in a fatal accident. St. Paul Mercury Insurance Company (St. Paul), the truck's insurer, declared the truck a total loss. St. Paul bought the truck from its insured and applied for the truck's Tennessee certificate of title as proof of its ownership. Before St. Paul received the certificate of title on March 19, 2004, the truck passed through a series of owners. On January 13, 2004, St. Paul sold the truck to Randy's. On January 22, 2004, Randy's sold the truck to West Side Auto Parts. On February 26, 2004, West Side sold the truck to Duckett Truck Center, Inc. In June 2004, Duckett sold the truck to Storie. About two months before the truck was sold to Storie, Tennessee issued a certificate of title to St. Paul. St. Paul sent the title to Randy's, after which it was passed on to West Side and then Duckett. None of these entities applied for a salvage title.

After driving the truck for eighteen months and experiencing several problems with it, Storie began to look into the truck's history. From his search, Storie claims that he learned for the first time of the truck's involvement in the fatal 2003 accident. As a result, Storie filed suit against each of the entities involved in the sale and purchase of the truck. The only claim remaining on appeal was that against Randy's, which claimed that Randy's had violated Indiana law by failing to apply for a salvage title within 31 days of receiving the certificate of title. Both parties then filed a motion for summary judgment.

Storie sought summary judgment on the issue of Randy's liability, though it reserved the issue of damages for determination by the jury. Storie contended there was no genuine question of material fact that: (1) the truck had been declared a total loss by its insurer, St. Paul Mercury Insurance Co. (St. Paul); (2) Randy's had failed to apply for a certificate of salvage title after it had received the certificate of title from St. Paul; (3) Storie did not know that the vehicle had been involved in a wreck or that the driver had been killed; and (4) he would never have purchased the truck if he had known it had had a salvage history. Storie argued that Randy's was required by Indiana law to apply for a salvage title after purchasing the truck from St. Paul, thus dictating partial summary judgment in his favor by virtue of the preceding uncontested facts.

Randy's opposed Storie's motion on numerous grounds. According to Randy's, the record reveals that Storie did not review the certificate of title before purchasing the truck, such that its applying for a certificate of salvage title would have had no effect on Storie's decision to purchase the vehicle. Randy's contended further that the certificate of title revealed sufficient information that Storie must have known that the vehicle had been in a significant accident. Randy's also insisted that a certificate of salvage title was not required under Ind. Code § 9-22-3-3(a)(2) because the cost of repairing the damaged vehicle to its insurer-owner was less than 70% of fair market value.[1] Randy's relied on much the same arguments in its own motion for summary judgment.

The district court granted Randy's summary judgment, finding that Randy's was not required to apply for a salvage title because it no longer owned the truck when it received the original certificate of title from St. Paul. Thus, according to the district court, Randy's "obligation to apply for a salvage title pursuant to Indiana Code 9-22-33-11(d) was never triggered." *Storie*, 2009 WL 348751, at *2.[2] The district court recognized that its "holding is not necessarily consistent with the presumed purpose of the salvage title requirement, which is to protect consumers against the risks associated with purchasing previously wrecked vehicles without knowledge of their history," but noted that "the Court cannot impose a statutory duty where none exists." *Id*. at n.4. The district court did not address the other arguments raised by the parties.

On appeal, we found Ind. Code § 9-22-3-11(e) to be ambiguous, since it was unclear whether the statute applied to former owners who received certificates of title after they had

---

[1] Randy's also argued that Indiana law would apply the law of the titling state (in the present case, Tennessee) and that , as an Indiana dealer, it could legally assign an out-of-state title without obtaining an Indiana salvage title. We rejected these arguments in our prior decision and so will not revisit them here. *Storie*, 589 F.3d at 873, *passim*.

[2] Storie's complaint alleges a violation of Ind. Code § 9-22-3-11(d) (2004), which is also cited by the district court. The statute was amended in 2006 so that the old subsection (d) became the new subsection (e). The amendment had no substantive effect.

sold the relevant vehicles. *Storie*, 589 F.3d at 876-79. We found the interpretation of Ind. Code § 9-22-3-11(e) to be outcome determinative and an issue that would most appropriately be decided by the Indiana Supreme Court. *Id*. at 879-81. Accordingly, pursuant to Indiana Rule of Appellate Procedure 64 and to our Circuit Rule 52, we certified the following question to the Indiana Supreme Court: whether an entity that purchases and later sells a wrecked vehicle is required to apply for a salvage title under Ind. Code § 9-22-3-11(e) when it no longer owns a vehicle upon receipt of the certificate of title. *Id*. at 881.

The Indiana Supreme Court agreed that Ind. Code § 9-22-3-11(e) "makes no clear distinction between current and former owners." *Storie*, 926 N.E.2d at 489. After reviewing several competing interpretations of Ind. Code § 9-22-3-11(e), it answered our certified question in the affirmative. Specifically, the Indiana Supreme Court found that "an entity that purchases and later sells a wrecked vehicle is required to apply for a salvage title under Indiana Code § 9-22-3-11(e), even if it no longer continues to own the vehicle when it receives the certificate of title." *Id*. at 491. In arriving at this conclusion, the court found the following three arguments to be particularly persuasive: (1) the legislature's use of the word "acquiring" rather than "owning" in § 9-22-3-11(e); (2) the 31-day grace period within which to apply for a certificate of salvage title after receiving the original certificate title; and (3) the harmful consequences that could result if "acquiring" were construed to mean "owning." *Id*.

The Indiana Supreme Court's finding thus necessitates reversal of the district court's grant of summary judgment in favor of Randy's. Although this disposes of the present appeal, we note that Storie had moved for partial summary judgment on the subject of Randy's liability, contending that Randy's failure to apply for a salvage title "permitted the tractor to be sold and resold with a clean title, thereby enabling the future sale to Plaintiff by Duckett Truck Center" and further submitting that he "would never have purchased the tractor if he knew it had been wrecked." Having mistakenly determined that Randy's was not required by Ind. Code § 9-22-3-11(e) to apply for a certificate of salvage title, the district court denied Storie's motion for partial summary judgment as moot. In light of our instant ruling, Storie's motion is no longer moot and should be ruled upon in a manner consistent with this order, our prior opinion and the opinion of the Indiana Supreme Court. Similarly, Randy's motion for summary judgment relied on arguments that were not previously ruled upon by the district court and these should also be addressed.

In particular, the district court should consider Randy's argument that the vehicle was insufficiently damaged to trigger the salvage-title requirement. It ought to conduct this inquiry in light of the fact that Ind. Code § 9-22-3-3(a)(1) also triggers a requirement to apply for a salvage title if, as appears to be the case here, "[a]n insurance company has determined that it is economically impractical to repair the wrecked or damaged motor vehicle . . . and has made an agreed settlement with the insured." The court should also address Randy's contention that Storie was not harmed by any failure to apply for a salvage title, since he did not review the certificate of title before purchasing the vehicle and that, if he had, it would have revealed that the truck had been in a serious accident. The court

ought to weigh these contentions against Storie's counter-argument that Duckett would not have purchased the vehicle had it been accompanied by a salvage title, which would have foreclosed Storie's acquiring it.

In light of this order, and our prior determination in *Storie*, 589 F.3d at 873-81, the judgment of the district court is

REVERSED.